**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jean-Pierre Ronet,<br><br>          Plaintiff,<br><br>v.<br><br>Jeremy Reeder,<br><br>          Defendant. | No. CV-24-01843-PHX-DWL<br><br>**ORDER** |

Pending before the Court is Plaintiff's Application for Leave to Proceed In Forma Pauperis (Doc. 2), which the Court hereby grants. The Court will screen Plaintiff's complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e)(2)[1] before it is allowed to be served. Pursuant to that screening, the complaint is dismissed in part. Because part of the complaint survives the screening, the Court will allow the complaint to be served.

I.    <u>Legal Standard</u>

Under 28 U.S.C. § 1915(e)(2), a complaint is subject to dismissal if it contains claims that are "frivolous or malicious," that "fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." *Id.* Additionally, under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* Although Rule 8 does not demand detailed factual allegations, "it demands

---

[1] Although section 1915 largely concerns prisoner litigation, section 1915(e) applies to all in forma pauperis proceedings. *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

The Ninth Circuit has instructed that courts must "construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Conclusory and vague allegations, however, will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A liberal interpretation may not supply essential elements of the claim that were not initially pled. *Id.*

"If a pleading can be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend before the final dismissal of the action." *Ball v. Cty. of Maricopa*, 2017 WL 1833611, *1 (D. Ariz. 2017) (concluding that complaint could not be amended to state a cognizable claim and dismissing with prejudice).

II.     The Complaint

Plaintiff brings this action against Defendant Jeremy Reeder, Director/County Librarian of the Maricopa County Library District. (Doc. 1 at 5.) Plaintiff asserts claims for (1) violation of his First Amendment right to freedom of speech, (2) criminal harassment pursuant to A.R.S. § 13-2921, (3) elder abuse pursuant to A.R.S. § 13-3623, (4) harassment pursuant to 18 U.S.C. § 3553,[2] (5) intimidation pursuant to 18 U.S.C.

---

[2] 18 U.S.C. § 3553 is a sentencing provision that has nothing to do with harassment.

§ 1514(d)(1), and (6) defamation pursuant to 28 U.S.C. § 4101.

Plaintiff alleges as follows. On February 24, 2024, Plaintiff was using the restroom at the Georgia T. Lord Library when someone knocked twice, and then a few minutes later knocked again, triggering Plaintiff's "extreme PTSD condition." (Doc. 1 at 1.) Plaintiff slammed the door against the wall "very loudly," causing "some unknown female" sitting with her children 40 feet away to "yell" at Plaintiff to "calm down" his temper. (*Id.* at 1-2.)[3]

The woman then approached him and yelled, "Your mother is a bitch," and upon Plaintiff informing her that his mother had died, the woman added, "And so should you." (*Id.* at 2.)

The librarian (whom Plaintiff "nicknamed" the "DEVIL") approached Plaintiff and gave him "total hell," apparently regarding the altercation with the woman. (*Id.*) Plaintiff told the librarian the woman had called his mother a bitch, and the librarian replied, "No, she did not." (*Id.*)

Later, Plaintiff left the area of the library he was occupying to again use the restroom, and "some young man" walked into Plaintiff's "area," which contained a table with two chairs. Plaintiff said, "Where do you think your [sic] going? That's my stuff," referring to "legal documents, phone and food and drink." (*Id.*) After Plaintiff returned from the restroom, the librarian told him that he "can't talk to people that way" and stated that he must keep his personal items with him when he uses the restroom. (*Id.*) Plaintiff asked why, and the librarian replied, "So someone else could sit there," which Plaintiff asserts is "more proof of being the (DEVIL), is proof of her ongoing criminal activities, and proof of her extreme hatred directed at [Plaintiff]." (*Id.*)

Later, Plaintiff went to Litchfield Park Library and told the librarians there what had transpired at the Georgia T. Lord Library, adding that the librarian at the Georgia T. Lord Library "should have been shot." (*Id.*) Plaintiff asserts this was constitutionally protected speech, such that Plaintiff's rights were violated when, in response to the conduct described

---

[3] Plaintiff's allegations do not include Plaintiff's response to being told to calm down, other than indicating, in parentheses, "no one tells me what I can do or say." (Doc. 1 at 1.)

- 3 -

1   above, he was banned from using any of the Maricopa County Library District libraries.
2   (*Id.* at 2, 5.)  Attached to the complaint is a letter to Plaintiff from Defendant indicating
3   that Plaintiff is "permanently banned."  (*Id.* at 5.)

4   Plaintiff requests compensatory damages of $1,000 per day from February 24, 2024
5   to the date he signed the complaint, July 24, 2024, and punitive damages of $10,000 per
6   day throughout the same period of time.  (*Id.* at 3.)

III.   Analysis

   A.   **First Amendment Claim**

"The library is an enduring public institution entrusted with a duty that—while oft-taken for granted—is essential to any functioning society: serving the general public's information needs.  Beyond this critical function, public libraries provide a host of free services to its patrons that not only strengthens the bonds of a community, but it also supplies invaluable resources and opportunities.  Severing access to such an integral institution is no minor consequence precisely because of the importance of the library's role." *England v. Jackson Cnty. Pub. Libr.*, 596 F. Supp. 3d 1164, 1169 (S.D. Ind. 2022). "[T]he Supreme Court and other courts have widely recognized the right to receive information under the First Amendment in numerous contexts," including "in the context of restrictions involving public libraries." *Doe v. City of Albuquerque*, 667 F.3d 1111, 1119 (10th Cir. 2012).  "[T]he First Amendment right to receive information includes the right to some level of access to a public library." *Id.* at 1120 n.6.

On the other hand, the Maricopa County Library District has a "significant interest in providing a safe environment for its library patrons." *Id.* at 1115.  A public library is "a place dedicated to quiet, to knowledge, and to beauty," and the "State or its instrumentality may, of course, regulate the use of its libraries or other public facilities." *Brown v. State of La.*, 383 U.S. 131, 143 (1966).  The purpose of a library is "to aid in the acquisition of knowledge through reading, writing and quiet contemplation. . . . Other activities need not be tolerated." *Kreimer v. Bureau of Police for Town of Morristown*, 958 F.2d 1242, 1261-62 (3d Cir. 1992).  "Prohibiting disruptive behavior is perhaps the clearest and most direct

way to achieve maximum Library use." *Id.* at 1263. Conduct that is "clearly outside of the bounds of normal library activities, such as "clearly disruptive and socially non-acceptable behavior," may justify a denial of access to a public library. *England*, 596 F. Supp. 3d at 1176.

Furthermore, the Maricopa County Library District has a significant interest in protecting its librarians from intimidation and acts of violence. A "true threat" is "a statement made when a reasonable person would foresee that the statement would be interpreted by those to whom the maker communicates the statement as a serious expression of intent to harm." *Planned Parenthood of Columbia/Willamette, Inc. v. Am. Coal. of Life Activists*, 290 F.3d 1058, 1062 (9th Cir. 2002) (cleaned up). "Except in a circumstance in which the statement is only fairly susceptible of one characterization—true threat v. political hyperbole—whether a statement constitutes a 'true threat' is a question of fact for the jury, not a question of law for the court." *Fogel v. Grass Valley Police Dept.*, 415 F. Supp. 2d 1084, 1088 (E.D. Cal. 2006).

The complaint, construed liberally, asserts a claim of violation of the First Amendment right to receive information. While rather obvious defenses are apparent from the facts as alleged in the complaint, the allegations are sufficient to survive the Court's § 1915 screening.

B. **Harassment, Intimidation, And Elder Abuse**

Plaintiff asserts claims of criminal harassment pursuant to A.R.S. § 13-2921 and elder abuse pursuant to A.R.S. § 13-3623. These claims are "not civil claims, but rather based upon criminal statutes," and as such, Plaintiff "does not have standing to prosecute them." *Jamali v. Hyatt*, 2016 WL 1158294, *3 (Ariz. Ct. App. 2016). Plaintiff also asserts a harassment claim pursuant to 18 U.S.C. § 3553, but that statute addresses criminal sentencing and appears to be inapplicable. Plaintiff also asserts a claim for intimidation pursuant to 18 U.S.C. § 1514(d)(1), but that statute empowers a district court to prohibit harassment of a victim or witness in a federal criminal case upon making certain findings. That statute is inapplicable here.

At any rate, the facts alleged in the complaint do not give rise to any claim that could be brought under state or federal law for harassment, intimidation, or elder abuse, as none of the conduct described in the complaint could be characterized as harassing, intimidating, or elder abuse.  These claims are dismissed.

C. **Defamation**

The complaint asserts a claim for defamation pursuant to 28 U.S.C. § 4101.  This statute merely lists definitions applicable to a statute providing that "a domestic court shall not recognize or enforce a foreign judgment for defamation unless the domestic court determines that" certain requirements are met.  28 U.S.C. § 4102.  These statutes are inapplicable here.

The Court considers whether, construing the complaint liberally, the facts alleged could support a claim for defamation under Arizona law.  They cannot.  Under Arizona law, one of the elements of a defamation claim is "publication," which "for defamation purposes is communication to a third party."  *Dube v. Likins*, 167 P.3d 93, 104 (Ariz. Ct. App. 2007).  The allegedly defamatory communication in the complaint is the statement made by the librarian at the Georgia T. Lord Library when Plaintiff told the librarian that a woman in the library had called his mother a bitch, and the librarian replied, "No, she did not."  (*Id.*)  The librarian was speaking directly to Plaintiff.  There is no allegation that this communication was made to a third party.  The defamation claim is dismissed.

Accordingly,

**IT IS ORDERED** that the application to proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that all claims in the complaint other than the First Amendment claim are dismissed with prejudice.

**IT IS FURTHER ORDERED** that the complaint may be served.  Service by waiver or service of the summons and complaint shall be at government expense on the defendant by the U.S. Marshal or his authorized representative. The Court directs the following:

1) The Clerk of Court must send Plaintiff a service packet including the complaint (Doc. 1), this Order, and both summons and request for waiver forms for the Defendants.

2) Plaintiff must complete and return the service packet to the Clerk of Court within 30 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

3) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendant within 90 days of the filing of the Complaint, the action may be dismissed. Fed. R. Civ. P. 4(m).

4) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

Dated this 15th day of August, 2024.

Dominic W. Lanza
United States District Judge